AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Ira S. Dizengoff
Arik Preis
Meredith A. Lahaie

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN MEDIA, INC., *et al.*,[1] | Case No. 10-[_____] (__) |
| Debtors. | Joint Administration Requested |

**DEBTORS' MOTION FOR AN ORDER
(I) GRANTING AN EXTENSION OF TIME TO FILE SCHEDULES OF
ASSETS AND LIABILITIES, SCHEDULES OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES, LISTS OF EQUITY SECURITY HOLDERS, SCHEDULES OF
CURRENT INCOME AND EXPENDITURES AND STATEMENTS OF
FINANCIAL AFFAIRS, AND (II) PERMANENTLY WAIVING THE
<u>REQUIREMENTS TO FILE THE SAME UPON CONFIRMATION OF THE PLAN</u>**

The above-captioned debtors and debtors in possession (each a "***Debtor***" and,

collectively, the "***Debtors***") file this motion (the "***Motion***") seeking entry of an order

substantially in the form attached hereto as <u>Exhibit A</u>, (a) granting an extension of the time

within which the Debtors must file certain schedules and statements and (b) permanently

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Media, Inc. (3383); American Media Operations, Inc. (4424); American Media Consumer Entertainment, Inc. (3852); American Media Consumer Magazine Group, Inc. (3863); American Media Distribution & Marketing Group, Inc. (3860); American Media Mini Mags, Inc. (3854); American Media Newspaper Group, Inc. (3864); American Media Property Group, Inc. (4153); Country Music Media Group, Inc. (2019); Distribution Services, Inc. (1185); Globe Communications Corp. (2593); Globe Editorial, Inc. (3859); Mira! Editorial, Inc. (3841); National Enquirer, Inc. (4097); National Examiner, Inc. (3855); Star Editorial, Inc. (9233); and Weider Publications, LLC (1848).

waiving the requirements for filing the same upon confirmation of the Debtors' chapter 11 plan of reorganization. In support of the Motion, the Debtors submit the *Declaration of Christopher Polimeni, Executive Vice President, Chief Financial Officer and Treasurer of American Media, Inc., in Support of the Debtors' Chapter 11 Petitions and Request for First Day Relief* (the "**First Day Declaration**"). In further support of the Motion, the Debtors respectfully state as follows:

## Jurisdiction

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief sought herein are section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 1007(c) and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## Background

4. On November 17, 2010 (the "**Petition Date**"), each of the Debtors filed a petition with this Court under chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the First Day Declaration.

5. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no statutory committees have been appointed or designated.

6. On October 30, 2010, the Debtors commenced the solicitation of votes on a prepackaged plan of reorganization (the "**Plan**"). On the Petition Date, the Debtors filed with the Court, among other things, (i) the Plan, (ii) a disclosure statement (the "**Disclosure Statement**")

2

related thereto and (iii) a motion requesting procedural consolidation and joint administration of these chapter 11 cases under the case of American Media, Inc.  Pursuant to the Plan, all Allowed General Unsecured Claims (as such term is defined in the Plan) are contemplated to be paid in full.

### Relief Requested

7.     By the Motion, the Debtors seek the entry of an order (a) extending the time within which to file their Schedules and Statements (as defined below) for an additional thirty (30) days (for a total of forty-five (45) days from the Petition Date) with the right to request further extensions, and (b) permanently waiving the requirement to file the Schedules and Statements upon the confirmation of the Plan.

### Basis for Relief

8.     Pursuant to Bankruptcy Code section 521 and Bankruptcy Rule 1007, the Debtors are required to file, within fifteen (15) days of the Petition Date: (i) schedules of assets and liabilities; (ii) schedules of executory contracts and unexpired leases; (iii) lists of equity holders; (iv) schedules of current income and expenditures; and (v) statements of financial affairs (collectively, the "***Schedules and Statements***").  By the Motion, the Debtors respectfully request that the Court extend such fifteen (15) day period to forty-five (45) days from the Petition Date, subject to a final waiver of the requirement that the Schedules and Statement be filed if the Plan is effectuated before such date.

9.     The Debtors further request that, upon the consent of the Office of the United States Trustee for the Southern District of New York (the "***U.S. Trustee***") and by order of this Court upon certification of counsel, the deadline for the Debtors to file their Schedules and Statements may be further extended without the need for any additional motion practice on this subject in these chapter 11 cases.

3

**Cause Exists to Extend the**
**Time to File the Schedules and Statements**

10. Under the circumstances of these prepackaged chapter 11 cases, the Debtors believe that the purposes of filing the Schedules and Statements have generally been fulfilled by other means and that the completion of the Schedules and Statements is extraneous and not justified given the costs to the Debtors' estates, in terms of both the expenditure of financial and human resources. Consequently, such requirement represents an unnecessary burden on the estates.

11. To prepare the Schedules and Statements, the Debtors would have to compile information from books, records, and documents relating to the claims of over approximately 3,528 as well as the Debtors' many assets and contracts. This information is voluminous and assembling the necessary information would require a significant expenditure of time and effort on the part of the Debtors and their employees in the near term, when these resources would be best put towards effectuating the Debtors' reorganization efforts.

12. In general, a debtor is required to file the Schedules and Statements to permit parties in interest to understand and assess the debtor's assets and liabilities and thereafter negotiate and confirm a plan of reorganization. As described in more detail above, in these "prepackaged" chapter 11 cases, the Debtors have already negotiated the Plan and solicited votes from those parties entitled to vote thereon, who, upon solicitation, have voted overwhelmingly to accept the Plan. Accordingly, one of the primary justifications for requiring the filing of the Schedules and Statements simply does not exist in these chapter 11 cases. The fact that the Plan provides for the payment in full of all Allowed General Unsecured Claims (as defined in the Plan) also justifies relief from the requirement to file Schedules and Statements.

4

13. This Court has the authority to grant the requested extension under Bankruptcy Code section 105(a) and Bankruptcy Rule 1007(c). Bankruptcy Code section 105(a) grants the Court broad authority to issue any order that is necessary and appropriate to carry out the provisions of the Bankruptcy Code. Bankruptcy Rule 1007(c) provides that "any extension of time for the filing of the schedules . . . may be granted only on motion for cause shown."

14. The Debtors submit that good and sufficient cause for granting the relief requested herein exists due to the large amount of information that must be assembled and compiled, the multiple locations of such information, the hundreds of employee and professional hours that may be required for the completion of the Schedules and Statements, the unique nature of these chapter 11 cases, and the lack of prejudice to creditors. In addition, employee efforts during the anticipated short period of the pendency of these chapter 11 cases are critical to the Debtors' reorganization efforts, and the Debtors' creditors would be better served if the Debtors devoted their time and attention to business operations in order to maximize the value of the estates going forward.

15. The Southern District of New York has formally incorporated motions such as this into its prepackaged bankruptcy guidelines for first-day motions. *See* S.D.N.Y. General Order 203 § VI.C.4. Indeed, many courts in this district have granted permanent waivers of the requirement to file Schedules and Statements in prepackaged cases. *See, e.g.*, *In re Penton Business Media Holdings, Inc.*, No. 10-10689 (Bankr. S.D.N.Y. Feb. 11, 2010) (waiving the requirement to file schedules and statements upon confirmation of the prepackaged plan of reorganization); *In re CIT Group Inc.*, No. 09-16565 (Bankr. S.D.N.Y. Nov. 4, 2009) (same); *In re Curative Health Servs., Inc.*, No. 06-10552 (Bankr. S.D.N.Y. Apr. 17, 2006) (same); *In re*

5

*Trico Marine Servs. Inc.*, No. 04-17985 (Bankr. S.D.N.Y. Dec. 22, 2004) (same); *In re Choice One Commc's*, No. 04-16433 (Bankr. S.D.N.Y. Oct. 7, 2004) (same).

16. In the absence of a permanent waiver, courts have permitted debtors to further extend the time to file their Schedules and Statements without filing a supplemental motion so long as they have procured advance consent from the U.S. Trustee. *See, e.g.*, *In re U.S. Shipping Partners LP, et al*, Case No. 09-12711 (RDD) (Bankr. S.D.N.Y. May 4, 2009); *In re Lexington Precision Corp. et al*, Case No. 08-11153 (MG) (Bankr. S.D.N.Y. May 28, 2008). This procedure will save the Debtors the expenditure and effort of filing repeated requests for an extension in the event that the duration of these prepackaged chapter 11 cases proves longer than anticipated. Given the benefit to the Debtors' estates, such a procedure is warranted.

17. The requested relief is further supported by the prepackaged nature of these cases. The votes tabulated and received from the classes eligible to vote demonstrate overwhelming acceptance of the Plan. The most critical and complex task required to effectuate a successful reorganization – the negotiation and formulation of a chapter 11 plan of reorganization – has already been accomplished. Thus, the Debtors respectfully submit that given the backdrop of these chapter 11 cases, the relief requested herein is appropriate inasmuch as such relief will assist the Debtors to move towards expeditious confirmation of the widely-supported Plan with the least possible disruption or harm to their businesses. Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

## Motion Practice

18. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this

Motion.  Accordingly, the Debtors submit that this Motion satisfies Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York.

## Notice

19. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the parties listed in the consolidated list of fifty (50) largest unsecured creditors filed by the Debtors; (c) counsel to the administrative agent under the Debtors' prepetition credit agreement; (d) the indenture trustees under the Debtors' prepetition note issuances; and (e) counsel to the ad hoc committee of certain holders of the Debtors' prepetition note issuances.  The Debtors submit that no other or further notice need be provided.

## No Previous Request

20. No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u> (a) extending the time within which to file their Schedules and Statements for an additional thirty (30) days (for a total of forty-five (45) days from the Petition Date) with the right to request further extensions, (b) permanently waiving the requirement to file the Schedules and Statements upon the confirmation of the Plan, and (c) granting such other and further relief as is just and proper.

Dated:   November 17, 2010
         New York, New York

/s/ *Ira S. Dizengoff*
Ira S. Dizengoff
Arik Preis
Meredith A. Lahaie
AKIN GUMP, STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile:  (212) 872-1002

*Proposed Counsel for Debtors and Debtors in Possession*

## Exhibit A

**The Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------x
In re:                                          :      Chapter 11
                                                :
AMERICAN MEDIA, INC., et al.,[1]                :      Case No. 10-_____ (__)
                                                :
                        Debtors.                :      Jointly Administered
                                                :
---------------------------------------------------x
```

**ORDER (I) GRANTING AN EXTENSION OF TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES, SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, LISTS OF EQUITY SECURITY HOLDERS, SCHEDULES OF CURRENT INCOME AND EXPENDITURES AND STATEMENTS OF FINANCIAL AFFAIRS, AND (II) PERMANENTLY WAIVING THE REQUIREMENTS TO FILE THE SAME UPON CONFIRMATION OF THE PLAN**

Upon the Motion[2] of American Media, Inc. and its affiliated debtors and debtors in possession in the above-referenced chapter 11 cases (collectively, the "***Debtors***"), for entry of an order (a) granting an extension of the time within which the Debtors may file their Schedules and Statements and (b) waiving the requirements to file the same upon the effective date of the Plan, all as more fully set forth in the Motion; and upon the First Day Declaration; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors other parties in interest; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  American Media, Inc. (3383); American Media Operations, Inc. (4424); American Media Consumer Entertainment, Inc. (3852); American Media Consumer Magazine Group, Inc. (3863); American Media Distribution & Marketing Group, Inc. (3860); American Media Mini Mags, Inc. (3854); American Media Newspaper Group, Inc. (3864); American Media Property Group, Inc. (4153); Country Music Media Group, Inc. (2019); Distribution Services, Inc. (1185); Globe Communications Corp. (2593); Globe Editorial, Inc. (3859); Mira! Editorial, Inc. (3841); National Enquirer, Inc. (4097); National Examiner, Inc. (3855); Star Editorial, Inc. (9233); and Weider Publications, LLC (1848).

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

this district pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion is appropriate under the circumstances; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is granted to the extent set forth herein.

2. The time within which the Debtors must file their Schedules and Statements required by Bankruptcy Rule 1007 is enlarged and extended for an additional period of thirty (30) days to January 3, 2011, (the "*Filing Deadline*").

3. Such extension is without prejudice to the Debtors' right to request a further extension of time within which to file the Schedules and Statements, and upon the consent of the U.S. Trustee and submission of a certification of counsel, an extension may be granted without further motion practice on this subject in these cases.

4. In the event that the effective date of the Plan (or any other plan of reorganization) occurs before the Filing Deadline (as such date may hereafter be modified), the requirement that the Debtors file their Schedules and Statements shall be permanently waived.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Motion.

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

Dated: _____, 2010
       New York, New York

_____
**UNITED STATES BANKRUPTCY JUDGE**

2